IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEFFREY L. MOORE, et al.,

          Plaintiffs,

v.                                       CIVIL ACTION NO. 2:18-cv-01222

ROUNDPOINT MORTGAGE SERVICING
CORPORATION,

          Defendant.

MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is Motion of Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") to Dismiss Plaintiffs' Complaint [ECF No. 4] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

II.    Factual Background

In March 1996, the plaintiffs purchased property located in Elkview, West Virginia as their primary residence. Not. Removal Ex. A, at ¶ 4 ("Compl.") [ECF No. 1-1]. In late 2010, the plaintiffs agreed to refinance their property in Elkview with United Bank, Inc. *Id.* ¶ 5. The servicing of the loan was later assigned to RoundPoint. *Id.* ¶ 6. In June 2016, the plaintiffs' property in Elkview was destroyed by a flood. *Id.* ¶ 7.

In July 2016, the plaintiffs contacted RoundPoint to follow up on an offer by RoundPoint to skip monthly payments. *Id.* ¶ 8. RoundPoint's agent represented that the plaintiffs could have a forbearance agreement permitting them to not make payments for six months while they attempted to sell their home. *Id.* ¶ 9. During the forbearance period, the plaintiffs attempted to sell their property. *Id.* ¶ 10.

In January 2017, the plaintiffs contacted RoundPoint and requested they be able to provide title to the property in exchange for a release of the balance of the loan. *Id.* ¶ 11. RoundPoint's agent directed the plaintiffs to cease payments on the loan while RoundPoint considered the plaintiffs' request. *Id.* ¶ 12. RoundPoint then denied the plaintiffs' request for a deed in lieu of foreclosure. *Id.* ¶ 13.

In March 2017, the plaintiffs obtained an offer to purchase the property. *Id.* ¶ 14. The plaintiffs forwarded the offer to RoundPoint and requested a short sale where RoundPoint would receive the purchase price in exchange for a release of the remaining balance owed on the loan. *Id.* RoundPoint, however, referred the loan to foreclosure. *Id.* ¶ 15. On May 22, 2017, the plaintiffs, through counsel, contacted counsel for RoundPoint, agreeing to delay the filing of a civil action to give RoundPoint an opportunity to resolve the matter. *Id.* ¶ 16(a). Despite RoundPoint's awareness that the plaintiffs were represented by counsel, RoundPoint continued to contact the plaintiffs directly to collect on the loan on at least thirty-eight separate occasions. *Id.* ¶¶ 17–18. On September 27, 2017, RoundPoint represented that it would no longer contact the plaintiffs directly and stated that it replaced the

plaintiffs' contact information with their attorney's contact information. *Id.* ¶ 20. Nonetheless, RoundPoint continued to call and harass the plaintiffs. *Id.* ¶ 21.

On December 7, 2017, the plaintiffs again sent correspondence to RoundPoint providing another opportunity for RoundPoint to cure its violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). *Id.* ¶ 22. RoundPoint denied liability and represented that the plaintiffs were obligated for charges and fees, including attorney's fees. *Id.* ¶¶ 23–24. The plaintiffs thereafter filed this civil action in the Circuit Court of Kanawha County, and RoundPoint subsequently removed the action to this court.

### III. Legal Standard

RoundPoint moves for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When "faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in

the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. I will address each count in turn.

## IV. Discussion

### a. Count One – Illegal Debt Collection

Count One alleges illegal debt collection against RoundPoint. The plaintiffs allege, first, that RoundPoint violated W. Va. Code § 46A-2-127 by using fraudulent, deceptive, or misleading means to collect or attempt to collect a debt. Second, the plaintiffs allege that RoundPoint violated W. Va. Code § 46A-2-128 by using unfair or unconscionable means in its debt collection efforts. RoundPoint argues that, with respect to Count One, the plaintiffs are required to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

Where a claim alleges fraud or mistake, a party must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Because Rule

4

9(b) applies to averments of fraud, the determination of whether its heightened standards apply depends on the complaint's factual allegations." *Wamsley v. LifeNet Transplant Servs. Inc.*, No. 2:10-cv-00990, 2011 WL 5520245, at *4 (S.D. W. Va. Nov. 10, 2011). "In evaluating whether a cause of action must be pled with particularity, a court should examine whether the claim requires an essential showing of fraud." *Baltimore Cty. v. Cigna Healthcare*, 238 F. App'x 914, 921 (4th Cir. 2007) (holding that a claim of negligent misrepresentation under Maryland law does not contain an essential showing of fraud). A claim that "sound[s] in fraud" must satisfy Rule 9(b). *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 629 (4th Cir. 2008) (stating that where claims have "the substance of fraud," Rule 9(b) applies even though fraud may not be an element).

Rule 9(b)'s heightened pleading standards advance several interests. The Fourth Circuit has stated that

> Rule 9(b) has four purposes: First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . . Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921–22 (4th Cir. 2003) (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1055, 1056–57 (S.D. Ga. 1990)).

The court finds the plaintiffs' allegation that RoundPoint used fraudulent, deceptive, or misleading representations to collect a debt in violation of Section 46A-2-127 sounds in fraud and therefore triggers rigorous pleading requirements under Rule 9(b). *See Wamsley*, 2011 WL 5520245, at \*6 (finding the plaintiff's claim under the WVCCPA "sound[ed] in fraud" where the plaintiff alleged the defendants concealed a material fact); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 437 (7th Cir. 2011) (finding that, where plaintiff's consumer fraud allegations concerned misrepresentations and concealment, Rule 9(b)'s heightened pleading requirements governed); *In re Sony Grand Wega KDF–EA10/A12 Series Rear Projection HDTV Television Litigation*, 758 F. Supp. 2d 1077, 1088–89 (S.D. Cal. 2010) (finding that Rule 9(b) applied to claims relating to consumer protection statute and claims of consumer fraud); *Tuttle v. Lorillard*, 118 F. Supp. 2d 954, 963 (D. Minn. 2000) (applying Rule 9(b) to claims relating to consumer protection statute and claims of consumer fraud even though Minnesota's consumer fraud statutes were more broadly construed than common law fraud). Section 46A-2-127 states that "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." The plaintiffs allege that RoundPoint made numerous misrepresentations in collecting a debt, including misrepresenting that the plaintiffs were to stop making payments on their loan. The gravamen of the alleged violation of Section 46A-2-127 is fraud, triggering Rule 9(b).

The court finds, however, that Rule 9(b) does not apply to the plaintiffs' allegation that RoundPoint violated Section 46A-2-128, as the plaintiffs allege only that RoundPoint used unfair or unconscionable means to collect a debt, which does not require a showing of fraud.

The court now addresses whether the plaintiffs' complaint satisfies the abovementioned pleading requirements. I will begin with the alleged violation of Section 46A-2-127.

To satisfy Rule 9(b)'s heightened pleading standard, a plaintiff must allege facts establishing the "who, what, when, where, and how" of the claimed fraud. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citations omitted). Rule 9(b) requires the time, place, and contents of the false representations, in addition to the identity of the person making the misrepresentation to be pleaded with particularity. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999). The plaintiffs fail to satisfy this pleading requirement.

The plaintiffs allege that RoundPoint violated Section 46A-2-127 by (1) informing the plaintiffs to stop making payments on their loan during the time they applied for loss mitigation; (2) misrepresenting that the plaintiffs applications were incomplete; (3) misrepresenting that RoundPoint would cease contacting the plaintiffs directly after being made aware that they were represented by counsel; and (4) misrepresenting that the plaintiffs would be obligated for charges that were not

7

authorized. The plaintiffs, however, fail to identify the names of the individuals who made the misrepresentations. The Complaint also lacks detail regarding the dates and times of certain misrepresentations and fails to describe how the misrepresentations were made. The court cannot find that RoundPoint has been "made aware of the particular circumstances for which [it] will have to prepare a defense at trial." *Harrison*, 176 F.3d at 784 (finding that where the complaint provided fair notice of the claims made against the defendant, the fraud claims should not have been dismissed). The plaintiffs' conclusory allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Accordingly, the plaintiffs' claim under Section 46A-2-127 as set forth in Count One is **DISMISSED without prejudice**.

Nonetheless, the plaintiffs' allegation that RoundPoint violated Section 46A-2-128 satisfies the applicable pleading requirements. Because Rule 9(b) does not apply to this portion of the plaintiffs' claim, plaintiffs must only achieve facial plausibility. Section 46A-2-128 outlines conduct in debt collection deemed to be unfair and unconscionable but states that unfair and unconscionable conduct is not limited to the examples outlined in the statute. W. Va. Code § 46A-2-128. The plaintiffs have alleged that RoundPoint directed the plaintiffs not to make payments, unnecessarily and needlessly delayed consideration of their loss mitigation requests, and instead referred their loan to foreclosure. The court must assume the veracity of the allegations of the complaint. The plaintiffs have stated a plausible claim under

Section 46A-2-128. As such, RoundPoint's Motion is **DENIED** as to the plaintiffs' claim under Section 46A-2-128 as set forth in Count One.

### b. Count Two – Claim for Illegal Fees

Count Two alleges that RoundPoint, in attempting to collect on an alleged claim from the plaintiffs, assessed charges and fees that were not authorized by agreement or law in violation of the WVCCPA.

Even though the plaintiffs' claim as alleged in Count Two does not require a showing of fraud (and therefore is not subject to Rule 9(b)'s heightened pleading requirements), the court finds that Count Two fails for a lack of specificity under Rule 8. The plaintiffs provide little to no detail regarding the illegal fee assessments. While the plaintiffs purportedly have documentation of such assessments, they fail to identify the charges by dollar amount or type. Further, the plaintiffs fail to state how the allegedly improper charges were sought. *See McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-cv-25114, 2014 WL 7005598, at *7–8 (S.D. W. Va. Dec. 10, 2014) (dismissing claim for illegal fees under the WVCCPA where the plaintiffs provided "little to no detail about the timing and amount of the allegedly unlawful fees"); *Coleman v. JP Morgan Chase Bank, N.A.*, No. 3:14-0183, 2014 WL 1871726, at *8–9 (S.D. W. Va. May 8, 2014) (directing the plaintiffs to amend their complaint and set out allegations of illegal charges in violation of the WVCCPA in greater detail where the plaintiffs stated neither when illegal fees were assessed nor how much they were charged). Accordingly, Count Two is **DISMISSED without prejudice**.

### c. Count Three – Negligence

Count Three alleges negligence against RoundPoint. RoundPoint argues that the plaintiffs have conceded dismissal of Count Three by failing to oppose RoundPoint's Motion as to that count. The plaintiffs state in their response that they have "alleged sufficient facts to give rise to a plausible claim for relief on Counts I, II, IV and V of their Complaint." Pls.' Resp. 16 [ECF No. 6]. The court treats this as a concession. *See In re Ethicon, Inc. v. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-cv-12719, 2017 WL 6345800, at *1 (S.D. W. Va. Dec. 11, 2017) (granting motion to dismiss where the plaintiffs failed to file a response); *see also Osborne v. Long*, No. 1:11-cv-00070, 2012 WL 851106, at *10 n.5 (S.D. W. Va. March 13, 2012) (referencing authority for the proposition that federal courts may grant a motion to dismiss without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession to that motion, or that dismissal is appropriate as a sanction for failure to prosecute). As a result, Count Three is **DISMISSED with prejudice**.

### d. Count Four – Tortious Interference with Contract

Count Four alleges tortious interference with the plaintiffs' loan contract. The plaintiffs allege that RoundPoint was not a party to the contract. Further, the plaintiffs allege that RoundPoint acted outside the scope of its agency and intentionally interfered with the loan contract by refusing the plaintiffs' payments and failing to follow loss mitigation guidelines imposed by the loan holder.

To state a claim for tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectance; (3) proof that the interference caused the harm sustained; and (4) damages. *Hatfield v. Health Mgmt. Assocs.*, 672 S.E.2d 395, 403 (W. Va. 2008). The plaintiffs have pleaded facts supporting each of these elements.

At this stage, the court must accept all factual allegations in the Complaint as true. The Complaint alleges, first, that a contract—the loan and deed of trust—exists between the plaintiffs and the loan's holder. The plaintiffs allege further that RoundPoint, a party outside of the relationship, intentionally interfered with the contract by rejecting the plaintiffs' attempts to make payments. The plaintiffs assert that RoundPoint's interference caused them damage by causing substantial and unaffordable arrears to accrue on the loan. This is sufficient to state a claim. *See Coleman*, 2014 WL 1871726, at *8–9 (finding plaintiff stated a claim for tortious interference where plaintiffs alleged the defendant loan servicer intentionally interfered with plaintiffs' loan contract by instructing plaintiffs to not make payments and failing to evaluate their applications). Moreover, given the factual disputes regarding RoundPoint's relationship with the loan holder, "it would be premature to rule on the nature of their relationship at this time." *Id.* at *9. The defendant's Motion is **DENIED** as to Count Four.

### e. Count Five – Contacts After Representation

Count Five (improperly identified in the Complaint as Count Four) alleges that RoundPoint communicated directly with the plaintiffs despite knowing they were represented by counsel, in violation of Section 46A-2-128(e) of the West Virginia Code.

Pursuant to W. Va. Code § 46A-2-128(e), a debt collector may not communicate with a consumer more than three business days after it receives written notice from the consumer or the consumer's attorney that he or she is represented by an attorney with regard to the subject debt. The plaintiffs have alleged that they were represented by counsel and that they provided RoundPoint with written notification of the representation three times. The Complaint lists numerous dates on which RoundPoint contacted the plaintiffs after receiving written notice that the plaintiffs were represented by counsel. Taking the facts alleged as true, Count Five sufficiently alleges a violation of Section 46A-2-128(e). The defendant's Motion is **DENIED** as to Count Five.

## V. Conclusion

For the reasons stated herein, the defendant's Motion to Dismiss Plaintiffs' Complaint [ECF No. 4] is **GRANTED in part** and **DENIED in part**.

As to Count One, the plaintiffs' claim under W. Va. Code § 46A-2-127 is **DISMISSED without prejudice**. The defendant's Motion, however, is **DENIED** as to the plaintiffs' claim under Section 46A-2-128 as set forth in Count One. Count Two is

**DISMISSED without prejudice**. Count Three is **DISMISSED with prejudice**. The defendant's Motion is **DENIED** as to Counts Four and Five.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 15, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE